291 P.2d 216

Thad MOORE, Warren Peterson and William E. Stanford, as members of and constituting the Arizona State Tax Commission, Appellants,

v.

Ed E. SMOTKIN and G. W. Bromley, a partnership doing business under the name and style of American Homes Association, Appellees.

No. 5870.

Supreme Court of Arizona.

Dec. 13, 1955.

Robert Morrison, Atty. Gen., D. Kelly Turner, Asst. Atty. Gen., for appellants.

James Elliott Dunseath, Tucson, James E. Flynn, Phoenix, for appellees.

Ryley, Carlock & Ralston, F. Britton Burns, Stahl, Murphy & Blakley, Alfred B. Carr, Phoenix, amici curiae.

STRUCKMEYER, Justice.

Following our decision of May 17, 1955 in Moore v. Smotkin, 79 Ariz. 77, 283 P.2d 1029, appellants filed their petition for rehearing. The assertion has been made that the decision, in construing the term "business of contracting" to require a contractual relationship, has clouded the present administrative interpretation of the Excise Revenue Act, particularly Section 73-1329, A.C.A.1939 as amended. The administrative interpretation arises in the construction of the amendment adopted in 1952 relative to the proper enforcement of the exemption therein expressed. We feel that the matters raised on the petition for rehearing are not within the scope of the original appeal since the taxes sought to be recovered by appellees were for the taxable years 1948, 1949 and 1950.

Our interpretation of the Excise Revenue Act was necessarily limited to a construction of the law as it existed during those years. The opinion was not intended to construe the significance or change in meaning, if such there be, by later amendments nor was it intended to place a continuing interpretation upon the Act irrespective of amendment. The interpretation of the Act as it now exists, and as it has existed since the amendment of 1952, was not an issue and is not a matter which we can properly pass upon until it is before this court in justiciable litigation of which we have cognizance.

The question now sought to be raised, of whether Section 67–803, A.C.A.1939, as amended by Section 67-2301, Laws 1951, c. 55, § 1, amending the definition of a "contractor", does in fact include members of the construction industry engaged in building on a speculative basis, was at the time of the opinion and is at the present time not an issue before the court; and therefore the further question presented on rehearing, as to whether such amended statute should be construed in pari materia with the Excise Revenue Act, is similarly unrelated to any issue determinative of the appeal. Any implication from the opinion, if there be such, that Section 67–2301 should or should not be construed in pari materia with the Excise Revenue Act, is expressly disavowed.

With the foregoing explanation we adhere to the former decision rendered in this cause.

LA PRADE, C. J., and UDALL, WINDES and PHELPS, JJ., concur.